| | | |
|---|---|---|
| EDDIE LEE RICHARDSON aka HOTWIRE THE PRODUCER, | ) ) ) | |
| Plaintiff, | ) ) | No. 19 C 02321 |
| v. | ) ) | Judge Edmond E. Chang |
| KARIM KHARBOUCH aka FRENCH MONTANA; and EXCUSE MY FRENCH, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In 2012, when Eddie Lee Richardson was 16 years old, he created an instrumental song consisting of "a unique and artistic array of digital sounds and rhythms." *See* R. 1, Compl. ¶ 13.[1] He named it "*\*Hood\* Pushin' Weight*." *Id.* Seven years later, Richardson brought this lawsuit, alleging that Karim Kharbouch—who performs under the name French Montana—infringed on Richardson's work in violation of federal copyright law, 17 U.S.C. § 106.[2] Compl. ¶¶ 25-32. The Complaint also names as a defendant Excuse My French, which is allegedly an unincorporated music-publishing company owned and controlled by Kharbouch. *Id.* ¶ 3. The Defendants now seek to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to adequately state a claim. R. 19, Mot. to Dismiss at 1 (citing Fed. R. Civ. P. 12(b)(2), (3), and (6)). In the alternative, the defense wants

---

[1]Citations to the record are noted as "R." followed by the docket number.
[2]The Court has federal-question jurisdiction over this case under 28 U.S.C. § 1332.

Richardson to provide a more definite statement of his claim under Rule 12(e). *Id.* For the reasons explained below, the Defendants' motion is denied in its entirety.

## I. Background

For purposes of this motion, the Court accepts as true the factual allegations in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As mentioned earlier, in 2012, the then-teenaged Richardson produced *\*Hood\* Pushin' Weight* while at home in Lake County, Illinois. Compl. ¶ 13. Although the song does not have lyrics, Richardson—who is also known as Hotwire the Producer— used a music-industry method called "tagging" to mix the song "with a single and repeating electronic vocal 'Hotwire'" in order to mark it as his original work. *Id.* ¶ 16. After creating the song, in early October 2012, he uploaded it to Sound Click, "a well-known online audio distribution platform and music sharing website that enables its users to upload, promote, and share audio." *Id.* ¶ 14. In uploading it to the platform, Richardson "adopted Sound Click's restricted license," which tells users that audio, video, and other intellectual property on the website is protected by copyright laws, that this property may only be accessed and used for personal or educational purposes, and that users "may not otherwise reproduce, distribute, publicly perform, publicly display, modify or create derivative works of the [intellectual property], unless authorized by the appropriate copyright owner(s)." *Id.* ¶ 15. A few months later, in May 2013, Richardson also registered the song with the U.S. Copyright Office. *Id.* ¶ 17.

Sometime between October 2012 and April 2013, Richardson alleges, the Defendants accessed *Hood* Pushin' Weight from Sound Click. *Id.* ¶ 18. Soon after, in mid-April 2013, without Richardson's permission "the Defendants reproduced, published, performed, and distributed a derivative work" of *Hood* Pushin' Weight with other well-known artists and producers, including Rick Ross and Diddy, under the song title *Ain't Worried About Nothin. Id.* ¶ 19. A few months later, in October 2013, the Defendants also released a remix of *Ain't Worried About Nothin*, this time with artists Wiz Khalifa, Lil Wayne, T.I., and Miley Cyrus—again without Richardson's permission. *Id.* ¶ 21. Both versions of *Ain't Worried About Nothin* are allegedly identical to Richardson's song, with the exception of added lyrics and vocals. *Id.* ¶¶ 20, 22. According to Richardson, "the Defendants continued to reproduce, publish, perform, and distribute derivative works" of the song through July 11, 2017. *Id.* ¶ 23.

## II. Legal Standard

When a defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the burden shifts to the plaintiff to establish that jurisdiction is proper, at least by a *prima facie* case. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (explaining that plaintiffs must generally only make a *prima facie* case of personal jurisdiction). But if important facts necessary to decide the issue are in dispute, the Court must grant discovery and, if need be, hold an evidentiary hearing. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Ultimately, when facts are disputed, the plaintiff must prove that personal

jurisdiction applies by a preponderance of the evidence. *Hyatt Int'l Corp.*, 302 F.3d at 713; *Purdue Research Found.*, 338 F.3d at 783. This makes review of jurisdiction quite different from dismissal motions that challenge the merits, in which the Court "accepts all well-pleaded allegations in the complaint as true." *Hyatt Int'l Corp.*, 302 F.3d at 713.

On that note, a motion to dismiss "under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). Ultimately, under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

## III. Analysis

### A. Personal Jurisdiction and Venue—Rules 12(b)(2), (3)

The Defendants seek to dismiss the case for both lack of personal jurisdiction and improper venue. *See* Mot. to Dismiss at 3; Fed. R. Civ. P. 12(b)(2), (3). In copyright actions, personal jurisdiction and venue are closely connected. On venue, federal law permits plaintiffs to bring copyright actions "in the district in which the defendant or his agent resides or *may be found*." 28 U.S.C. § 1400(a) (emphasis added). A defendant in a copyright action "may be found" in a district where he is subject to the district court's *personal jurisdiction*—thus the connection between personal jurisdiction and venue. The Seventh Circuit has further clarified that proper venue under § 1400(a) is district-specific, that is, venue requires that the "defendant's amenability to personal jurisdiction … relate to the judicial *district* in which the action was filed … ." *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., Inc.*, 8 F.3d 441, 445 (7th Cir. 1993) (emphasis added). In other words, venue would be improper if the defendant has insufficient contacts to the particular *district* in which the action was brought; it is not enough that the defendant have contacts with the wider *State* in which the district lies. *Id.* at 447-48.

Under the Federal Rules of Civil Procedure, federal courts generally may exercise personal jurisdiction over a defendant if the defendant is subject to the jurisdiction of the state court in which the district court sits. Fed. R. Civ. P. 4(k)(1)(A).

In Illinois, that means this Court "may exercise personal jurisdiction over [the Defendants] if it would be permitted to do so under the Illinois long-arm statute." *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). "Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *Id.* Under the federal Constitution, personal jurisdiction requires a defendant to have made "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up).

Personal jurisdiction can be either general or specific. The Court may exercise general jurisdiction if the defendant's contacts with the forum state are "so continuous and systemic as to render them essentially at home" there, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (cleaned up), even if the lawsuit has no relationship to the defendant's contacts to that state. In contrast, specific jurisdiction only allows courts to hear lawsuits where the defendant's contacts with the forum state give rise to the plaintiff's claims. *See Curry v. Revolution Labs., LLC*, 949 F.3d 385, 395 (7th Cir. 2020).

Here, Richardson fails to sufficiently allege, let alone offer evidence, that the Defendants' contacts with Illinois are so extensive that general jurisdiction applies. *See, e.g.*, Compl. ¶¶ 2, 3. 5; R. 22, Pl.'s Resp. Br. at 2-5; R. 22-1, Richardson Aff. ¶¶ 1-8. In fact, Richardson does not even mention general jurisdiction in his response (and

although he does not mention the word "specific" either, he at least frames his argument on those principles). *See* Pl.'s Resp. Br. at 2-5. In contrast, Kharbouch convincingly supplies evidence that he is not at home in Illinois for general jurisdiction to apply. Kharbouch's affidavit sets forth that he only performs two or three concerts per year in Illinois; he does not live here, own any property here, nor operate any businesses here. R. 19-2, Kharbouch Aff. ¶¶ 4-7, 9-13. Even viewing the record (largely compiled by Kharbouch) in Richardson's favor, there is nothing to suggest that Kharbouch is at home in Illinois (let alone in this District). *See, e.g.*, *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) ("[I]solated or sporadic contacts—such as occasional visits to the forum state—are insufficient for general jurisdiction."). General jurisdiction does not apply here, so the Court moves on to specific jurisdiction.

To make out a *prima facie* case of specific personal jurisdiction, a plaintiff must adequately allege three elements: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Int'l Shoe Co.*, 326 U.S. at 316) (cleaned up).

Here, the Defendants submitted two affidavits in support of their argument that they are not subject to specific personal jurisdiction in Illinois. *See* Kharbouch

Aff.; R. 19-3, Eichenstein Aff. When a defendant submits affidavits or other evidence to challenge personal jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found.*, 338 F.3d at 783. But because the plaintiff is only required to make a *prima facie* showing of personal jurisdiction, the Court resolves all factual disputes in the record in the plaintiff's favor, *id.* at 782, at least until any necessary discovery and evidentiary hearing is held. In this case, the Defendants allege that (1) Kharbouch is a California resident who does not own any property nor operates any businesses in Illinois; (2) the song *Ain't Worried About Nothin* was produced by Florida residents; and (3) Kharbouch wrote and recorded vocals for the song in California and Florida, not Illinois. Kharbouch Aff. ¶¶ 4-7, 9-14. According to the Defendants, even though Kharbouch performs in the Chicago area two or three times per year, *id.* ¶ 8, this is not enough to establish the requisite connection between Kharbouch, this litigation, and the state of Illinois. Mot. to Dismiss at 5. And on *those* facts, the Defendants are right. The inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (cleaned up); *see Felland*, 682 F.3d at 673. So even if Kharbouch "purposefully availed himself of the privilege of conducting business" in this District by performing in the Chicago area every year, the evidence stops short of showing that the alleged copyright infringement happened during the concerts.

Similarly, Richardson's allegations about Sound Click also fail to show the requisite relationship between Kharbouch, the alleged infringement, and Illinois.

Richardson alleges in his Complaint that the Defendants accessed his song either from Sound Click, from users of Sound Click, or from users of websites or applications that may have been linked to Sound Click. Compl. ¶ 30. He also states in his affidavit that he published his location as "Chicago, Illinois" on his Sound Click profile in 2012. Richardson Aff. ¶¶ 5-6. But these facts, even viewed in Richardson's favor, fail to show that Kharbouch *himself* (or even his agents) saw Richardson's location. *See Walden*, 571 U.S. at 284-85 (explaining that the relationship must arise out of contacts that the defendant *himself* created with the forum state). And more importantly, these facts fail to make out a *prima facie* case of personal jurisdiction as a matter of law: it is well-established that for purposes of specific jurisdiction, "a plaintiff cannot be the only link between the defendant and the forum." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) (quoting *Walden*, 571 U.S. at 285).

Having said that, in light of the very limited record, the Court will authorize the parties to engage in jurisdictional discovery. *See Cent. States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000); *see also Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009) ("Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue."). One reason for doing so is that Richardson has submitted evidence of a Wiz Khalifa and French Montana concert in Tinley Park, Illinois, held in July 2019. *See* R. 22-2.[4]

_____

[4]Although Richardson did not include this allegation in his affidavit, the Court nevertheless has the discretion to consider it when determining whether jurisdictional

*See* Pl.'s Resp. Br. at 3. Together with Kharbouch's admission that he performs two or three concerts in the Chicago area every year, Richardson's allegations—namely, that Kharbouch distributes music in this District, has released a version of *Ain't Worried About Nothin* with Wiz Khalifa, and has recently held a concert with Wiz Khalifa in Tinley Park—suggest that Kharbouch has performed the song in this District. *See* Kharbouch Aff. ¶ 8; Compl. ¶¶ 2, 21; R. 22-2 (Event Ticket). If true, this would satisfy the minimum-contacts requirement for specific jurisdiction, at least as to that particular infringement. And in fact, the Defendants have already conceded that to "the extent Plaintiff alleges and proves that Mr. Kharbouch has performed the infringing work … in the Chicago area, then he surely can show specific jurisdiction … in this District for a count of copyright infringement for each separate performance … ." R. 24, Defs.' Reply Br. at 2.

What's more, Richardson also claims that Kharbouch has been distributing the derivative song on Apple Music to Illinois consumers since 2013—and Richardson even includes a link showing Kharbouch's album available for purchase. Pl.'s Resp. Br. at 4. It is true that the Seventh Circuit has cautioned courts to "be careful in resolving questions about personal jurisdiction involving online contacts to ensure

---

discovery is warranted. *See Curry*, 949 F.3d at 392-93 (allowing consideration of plaintiff's response brief and attached evidence when determining whether he made out a *prima facie* case of personal jurisdiction); *id.* ("[T]his court will accept as true any facts in the defendants' affidavits that do not conflict with anything in the record, either by way of Mr. Curry's complaint or other submissions."). *See also Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("[A] plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts … that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment.").

that a defendant is not haled into court simply because the defendant owns or operates an interactive website … accessible in the forum state." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019) (cleaned up). But this danger is precisely why jurisdictional discovery is warranted. Richardson does not suggest *only* that Kharbouch operated an interactive website accessible in Illinois; rather, he offers some evidence that Kharbouch used an interactive website *to sell Illinois consumers a song that violates federal copyright law*. If true, then these facts would show that the Defendants' "offending activities significantly related to the forum state," thus allowing the exercise of specific jurisdiction.[5] *See id.* (explaining that specific personal jurisdiction was appropriate in *Illinois v. Hemi Grp. LLC*, 622 F.3d 754 (7th Cir. 2010), because "the defendant's systematic contact with Illinois involved unregistered sales of a regulated product" at issue in the case).

In sum, Richardson may conduct jurisdictional discovery limited to determining whether Kharbouch performed *Ain't Worried About Nothin* in this District, sold the song to customers in this District (whether on Apple Music or otherwise), and accessed *\*Hood\* Pushin' Weight* directly from Richardson's Sound Click profile.

### 1. Infringement Outside Illinois

There is one more personal-jurisdiction issue to address: the Defendants argue that, because general jurisdiction does not apply in this District, Richardson cannot

___

[5]As mentioned earlier, the venue requirement in copyright cases is *district*-specific, so Richardson would have to show that Kharbouch sold the infringing song to consumers specifically in this District, not just in Illinois generally.

seek to recover damages arising out of any non-Illinois infringement. But general jurisdiction is *not* the only way that the Court can exercise personal jurisdiction over the Defendants with regard to infringement committed outside of Illinois.

In *Robinson Eng'g Co. Pension Plan and Trust v. George*, 223 F.3d 445 (7th Cir. 2000), the Seventh Circuit recognized the doctrine of "pendent personal jurisdiction."[6] In *Robinson*, the defendant sought to vacate a default judgment against him for lack of proper service at his home in Canada. *Id.* at 446, 448. Under Civil Rule 60(b)(4), a judgment is void if "the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* at 448 (cleaned up). Because the Securities Act and the Securities Exchange Act allowed international service of process, the Seventh Circuit held that service on the defendant in Canada was proper as to those claims. *Id.* at 449. More importantly for purposes of *this* case, the Seventh Circuit also held that it was proper for the district court to assert personal jurisdiction over the defendant with respect to the RICO claim—even though that statute did *not* authorize international service of process—because "the RICO claim arises out of the same nucleus of operative fact

---

[6]Courts in other Circuits have also recognized the doctrine of pendent personal jurisdiction. *See, e.g.*, *Charles Schwab Corp. v. Bank of America Corp.*, 883 F.3d 68, 88 (2d Cir. 2018) (because the plaintiff's federal securities claim survived, the district court was instructed to consider, on remand, whether it wants to exercise its discretion to allow pendent personal jurisdiction over the defendant for the related state-law claims); *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001) ("The remaining causes of action seeking declaratory judgment of patent noninfringement sufficiently arise out of the same set of operative facts to vest the district court with pendent personal jurisdiction over those causes of action."); *ESAB Grp. v. Centricut, Inc.*, 126 F.3d 617, 628 (4th Cir. 1997) (applying pendent personal jurisdiction to state law claims related to RICO claim, because "judicial economy and convenience of the parties is facilitated by a consideration of all legal theories arising from a single set of operative facts." (cleaned up)).

as the securities claims[.]" *Id. Robinson* went on to consider whether personal jurisdiction could also be exercised over the defendant with respect to the plaintiff's state-law claims, and held that "the same logic that lies behind the supplemental jurisdiction statute for purposes of subject matter jurisdiction, 28 U.S.C. § 1367, supports the application of supplemental personal jurisdiction over claims that are properly before the court under § 1367." *Id.* at 450. Because "George was amenable to the [personal] jurisdiction of the United States District Court for the Northern District of Illinois[,]" the district court could hear the related state-law claims against him.[7] *Id.*

Here, if jurisdictional discovery reveals a basis to exercise personal jurisdiction over the Defendants as to in-state infringement, then the Court probably also can exercise pendent personal jurisdiction for acts of infringement committed outside of Illinois. Those non-Illinois acts might very well share the same set of operative facts as those committed within the District: the same parties, the same intellectual property, the same derivative work, and the same original access via Sound Click. So the requirements of due process would likely be met, because the Defendants should

---

[7]It is true that some courts have interpreted *Robinson* to mean that pendent personal jurisdiction is only applicable in cases where the statute at issue authorizes nationwide service of process. *See, e.g.*, *Mackey v. IDT Energy, Inc.*, 2020 WL 108431, at *2 (N.D. Ill. Jan. 9, 2020). But *Robinson* did not turn on the availability of nationwide service of process. Specifically, the fact that the particular statutes at issue in *Robinson* authorized nationwide service of process had *no* bearing on the decision to exercise pendent personal jurisdiction. The operative issue in the case—given that the defendant lived in Canada—was that not all of the statutes authorized *international* service. Ultimately, the Seventh Circuit held that pendent personal jurisdiction over the defendant with respect to the RICO claim was proper because it arose out of the same nucleus of operative facts as the securities claims, which *did* authorize international service. *Robinson*, 223 F.3d at 449. Nationwide service was neither here nor there.

have reasonably anticipated being haled into court here for similar acts based on the same intellectual property. Having said that, there is no need to cross that bridge quite yet, and the parties may re-raise this issue if necessary after jurisdictional discovery on the in-Illinois alleged acts of infringement.

## B. Adequacy of Claim

In addition to the jurisdictional challenge, the defense invokes Rule 12(b)(6) and argues that the Complaint fails to adequately state a claim. Mot. to Dismiss at 6. The Court will address each argument that the defense offers in turn.

### 1. Statute of Limitations

First, the Defendants assert that the copyright claims are time-barred under the Copyright Act's statute of limitations. *See* Mot. to Dismiss at 7 (citing 17 U.S.C. § 507(b)). But that argument does not get off the ground at all: the statute of limitations is an affirmative defense, and "plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Indeed, the Seventh Circuit has noted that dismissal under Rule 12(b)(6) on the basis of the statute of limitations is "irregular," because the defendant bears the burden of proof on that defense. *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing Fed. R. Civ. P. 8(c)). At most, at the pleading stage, a dismissal on statute-of-limitations grounds might be proper on a Rule 12(c) motion for judgment on the pleadings—but only if the plaintiff has pled themselves out of court by alleging "an impenetrable defense to what would otherwise be a good claim[.]" *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012). That is

not the case with this Complaint. Because the Defendants raised their affirmative defense in the wrong way and without a proper record, the limitations defense is rejected for now.

Having said that, it is worth discussing a few of the limitations-based arguments that the parties raised so that they have guidance when this issue comes up again later in the litigation. First, Richardson's reliance on the "continuing wrong" doctrine is misplaced. Pl.'s Resp. Br. at 5-6. Richardson relies on *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983), a copyright-infringement case in which, arguably, the Seventh Circuit did suggest that if an initial copying of a work was part of an ongoing course of infringing conduct that extended into the limitations period, then even pre-limitations-period infringing sales could be the basis for damages. Richardson says he can invoke that doctrine because Kharbouch "continued to reproduce, publish, perform, and distribute derivative works ... through July 11, 2017," so he can reach back even to pre-limitations acts.

The problem with this argument, though, is that the Supreme Court decided a case more than 30 years after *Taylor* that undermined that case, and the Seventh Circuit has recognized that the continuing-wrong doctrine is no longer viable in copyright actions. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014) (discussed by *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 615 (7th Cir. 2014)). As explained by the Seventh Circuit, *Petrella* held that "'each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete claim that accrues at the time the wrong occurs.

In short, each infringing act starts a new limitations period.'" *Chi. Bldg. Design*, 770 F.3d at 614 (quoting *Petrella*, 572 U.S. at 671). Thus, even though *Petrella* did not directly address the issue, the Seventh Circuit concluded that "the 'continuing violation' doctrine is incompatible with the separate-accrual rule" of the copyright limitations provision, 17 U.S.C. § 507(b). *Id.* at 615. Richardson will not be able to invoke the continuing-wrong doctrine to sweep in pre-limitations infringement into the case.

But Richardson still might be able to target pre-limitations infringement because the "discovery rule" should apply to the accrual of the copyright claims. (This is yet another reason, by the way, for why a Rule 12 motion is ill-suited to deciding statute-of-limitations defenses.) The Copyright Act provides that "[n]o civil action shall be maintained under the [Act] unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). As discussed above, this statute of limitations establishes a "separate-accrual" rule, meaning that "when a defendant commits successive violations [of the Copyright Act], the statute of limitations runs separately from each violation." *Petrella*, 572 U.S. at 671. Fortunately for Richardson, though, courts have adopted the "discovery rule" for the accrual of copyright claims. Under the discovery rule, a copyright claim accrues (and the limitations clock starts ticking) when the plaintiff learns or reasonably should have learned that the defendant was infringing a protected work. *See Petrella*, 572 U.S. at 670 n.4 ("[A]lthough we have not passed on the question, nine Courts of Appeals have adopted … a 'discovery rule,' which starts the limitations period when the plaintiff discovers, or with due diligence

should have discovered, the injury that forms the basis for the claim." (cleaned up)). *See also Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1022-24 (9th Cir. 2019) (continuing to apply the discovery rule to copyright infringement claims); *Chi. Bldg. Design*, 770 F.3d at 614, 618 (explaining that the Seventh Circuit recognizes the discovery rule in copyright cases and declining to address whether *Petrella* abrogates the rule). Here, time (and discovery) will tell when Richardson learned of the alleged infringement or when he reasonably should have. It might make sense for the parties to consider this issue as they move forward in this litigation, because no doubt it will affect the settlement value of the case.

### 2. 2017 Infringement

With the ill-fated limitations defense out of the way for now, the next question is whether the July 2017 alleged infringement is sufficiently pled. In particular, Richardson alleged that the "Defendants continued to reproduce, publish, perform, and distribute derivative works of [the song] through July 11, 2017." Compl. ¶ 23. It is important to remember that, at this stage, Richardson need not plead more facts than necessary to give the Defendants "fair notice of what the claim is and the grounds upon which it rests." *Huri v. Office of the Chief Judge of the Cir. Ct. of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2015).

First, the Defendants take issue with the lack of detail as to *how* the Defendants supposedly reproduced, published, and otherwise infringed on Richardson's song. But this level of particularity is not required at the pleading stage. By alleging that the Defendants reproduced, published, performed, and distributed

derivative works of Richardson's copyrighted work, and by including a time frame and specific date, Compl. ¶¶ 15, 17, 23, Richardson provided sufficient notice of the claim. *See Life After Hate, Inc. v. Free Radicals Project, Inc.*, 2019 WL 2644237, at *6 (N.D. Ill. June 27, 2019) ("By alleging that Picciolini owns valid copyrights and that LAH continues to 'use and publish' them … at this stage, where the Court assumes the truth of their allegations, they have alleged enough to survive a Rule 12(b)(6) challenge."). *Cf. Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 760 (7th Cir. 2016) (to succeed on a copyright-infringement claim, plaintiffs must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." (cleaned up)).

What's more, it is no great mystery what Richardson is alleging when he specifies July 11, 2017 as the date of infringement. The Complaint sets forth a YouTube link[8] to a video of Kharbouch performing *Ain't Worried About Nothin*. Compl. ¶ 23. A visit to the link reveals (though it would have been better if Richardson simply alleged this in the Complaint) that the video was posted on July 11, 2017. The Defendants contend that the allegation is "hopelessly vague" because the YouTube video does not identify when or where the performance took place, nor establishes any connection between the publisher of the video—a Moroccan-based company, apparently—and the Defendants. Mot. to Dismiss at 10-11. But these details are not necessary. Giving Richardson the benefit of all reasonable inferences, and regardless of who published the video or when exactly the performance took place, the fact that

---

[8]Available at https://www.youtube.com/watch?v=4gFWZqR4SZA (last visited March 24, 2020).

the YouTube video was posted on July 11, 2017 and depicts Kharbouch performing a derivative work of **Hood* Pushin' Weight* supports Richardson's plausible allegation that the Defendants engaged in acts of infringement in 2017. *See* Compl. ¶ 23. Later in the case, more details—and actual evidence—will be required. But not yet.

### 3. Excuse My French

Next, the Defendants seek to dismiss the suit as against Excuse My French, asserting that it is not a legal entity but only an alias of Kharbouch and also just the name of the album on which *Ain't Worried About Nothin* appears. Mot. to Dismiss at 11. Those assertions are all well and good, but in deciding a Rule 12(b)(6) motion, the Court cannot accept a *defendant*'s allegations as true. Just the opposite. Maybe discovery will reveal that the defense is correct, and certainly the defense can push out early informal discovery to convince Richardson to drop that Defendant, but a Rule 12(b)(6) motion is not the right way to resolve the claim against Excuse My French, which the Complaint says is an unregistered publishing company that is owned and controlled by Kharbouch, Compl. ¶ 3.

### C. More Definite Statement

Lastly, the Defendants move for a more definite statement under Civil Rule 12(e). Rule 12(e) allows defendants to seek "a more definite statement of a pleading … which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Once again, the Defendants contend that "[t]he complaint is completely bare as to how Defendants engaged in copyright infringement acts" between April 5, 2016 and July 11, 2017. Mot. to Dismiss at 12. But that

argument misunderstands the purpose of Rule 12(e), which is "designed to strike at unintelligibility rather than want of detail." *Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 917 (N.D. Ill. 2016) (cleaned up). In this case, Richardson's Complaint is not unintelligible. To the contrary, and as explained above, *see supra* Section III(B)(2), the Complaint provides the Defendants with notice of the copyrighted work, the derivative work, the method of access, the time frame of infringement, and the general ways in which the work was infringed. Plus, given that the Defendants are much more likely to know that the dates Kharbouch performed, distributed, or reproduced the allegedly infringing song, it makes little sense to force Richardson to identify specific dates at the pleading stage. *See Caruth v. Wexford Health Sources, Inc.*, 2018 WL 3630014, at *3 (N.D. Ill. July 31, 2018). So the Defendants' motion for a more definite statement is denied.

## IV. Conclusion

For the reasons discussed above, the jurisdictional challenge is denied without prejudice to renewing it after Richardson has a chance at limited discovery on personal jurisdiction. The motion also is denied insofar as it relies on the statute of limitations, failure to state a claim, and the purported need for a more definite statement. To get the jurisdictional discovery going, by April 13, 2020, Richardson shall issue written discovery requests on the following topics: the Defendants' live performances of *Ain't Worried About Nothin* (or other acts of infringement) specifically in this District; the Defendants' sales of the song to consumers in this District; and the manner in which the Defendants accessed Richardson's work. The

defense's responses to the discovery requests are due by May 15, 2020. Also, Richardson shall serve non-party subpoenas by April 13, 2020 (but must bear in mind that the Court is not likely to expect non-parties to respond in the usual 30-day time period in light of the current public-health crisis). By May 22, 2020, after Richardson has a chance to review the defense's response, the parties shall confer on whether depositions of Kharbouch or others within his control are appropriate. The status hearing of April 2, 2020, is continued to May 27, 2020, at 9:30 a.m., with a status report on jurisdictional discovery due by May 26, 2020. The Court reminds the defense that discretion might be the better part of valor, and submitting to personal jurisdiction so that time and fees are not expended on this issue might be the wiser choice (but that is up to the defense).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 25, 2020