UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDDIE LEE RICHARDSON AKA
HOTWIRE THE PRODUCER

Plaintiff,

v.

KARIM KHARBOUCH AKA FRENCH
MONTANA,

Defendant.

Case Number: 1:19-CV-2321

Judge: Hon. Nancy L. Maldonado

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................ 1

II.  FACTUAL BACKGROUND ..................................................................................... 1

III. LEGAL STANDARD ................................................................................................. 3

IV.  ISSUES RIPE FOR DETERMIANTION ON SUMMARY ADJUDICATION .......... 5

V.   ARGUMENT ............................................................................................................... 5

   A. The Evidence Provided by Plaintiff Does not Support Its Claims for Copyright
   Infringement in a Sound Recording. ................................................................................ 5

   B. Defendant's Live Performances Are Not Performances via "Digital Audio
   Transmission." .................................................................................................................. 9

VI.  CONCLUSION .......................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................................................. 4

*Celotex Corp. v. Catrett*,
   477 U.S. 317 Sup. Ct. 2548, 91 L.Ed.2d 265 (1986) ................................................................ 4

*Hutchison v. Fitzgerald Equip. Co., Inc.*,
   910 F.3d 1016 (7th Cir. 2018) ............................................................................................. 3, 4

*Janky v. Lake County Convention & Visitors Bureau*,
   576 F.3d 356 (7th Cir.2009) ..................................................................................................... 6

*Johnson v. Arista Holding, Inc*.,
   2006 WL 3511894 (S.D.N.Y.2006) ......................................................................................... 7

*Johnson v. Cypress Hill*,
   641 F.3d 867 (7th Cir. 2011) .................................................................................................... 6

*Johnson v. Cypress Hill*
   (N.D. Ill. 2008) 619 F.Supp.2d 537 ..................................................................................... 6, 7

*Kinsey v. Jambow, Ltd*.
   (N.D. Ill. 2014) 76 F.Supp.3d 708 ........................................................................................... 6

*Little v. Liquid Air Corp*.,
   37 F.3d 1069 (5th Cir. 1994) .................................................................................................... 5

*Lujan v. National Wildlife Federation*,
   497 U.S. 871 (1990) ................................................................................................................. 4

*Lusk v. Fox Meyer Health Corp*.,
   129 F.3d 773 (5th Cir. 1997) .................................................................................................... 4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*.,
   475 U.S. 574 (1986) ................................................................................................................. 4

*U.S. v. Moghadam*
   (11th Cir. 1999) 175 F.3d 1269 ............................................................................................. 11

*Sonja–Kaplan Productions, Inc. v. Zippi*,
   1988 WL 92871 (E.D.Pa.1988) ................................................................................................ 7

*Thomas v. Price*,
   975 F.2d 231 (5th Cir. 1992) .................................................................................................... 4

*Valley Entertainment, Inc. v. Friesen*
 (N.D. Ill. 2010) 691 F.Supp.2d 821 ................................................................................................ 7

**Federal Statutes**

17 U.S.C.A. § 114 (j)(7) ................................................................................................................ 10

17 U.S.C. §102 .............................................................................................................................. 11

17 U.S.C. §106 ........................................................................................................................... 5, 6

17 U.S.C. §106 (6) ............................................................................................................... 8, 9, 10

17 U.S.C. §§ 106(6), 114(a) ........................................................................................................... 3

17 U.S.C. §114(d) ......................................................................................................................... 10

17 U.S.C. §501(a) ........................................................................................................................... 5

Copyright Act Section 114(a) ..................................................................................................... 5, 6

**Other Authorities**

Federal Rules of Civil Procedure Rule 56(c) ................................................................................. 3

iii

## I.    INTRODUCTION

Defendant Karim Karbouch aka French Montana ("Defendant"), by and through his attorneys, Dariush Adli of ADLI Law Group, P.C. and Michele S. Katz of Advitam IP, LLC, submits the following Memorandum of Points and Authorities in Support of its Motion for Summary Judgment on the following issue: first, that according to undisputed facts, Plaintiff will not be able to prove that Defendant infringed its copyright; and, second, even if Plaintiff there is a dispute of fact as to infringement, there can be no dispute that the acts of Defendant performing AWAN were not done by means of "digital audio transmission."

## II.    FACTUAL BACKGROUND

On April 15, 2013, the song "Ain't Worried 'Bout Nothing" was released. [Statement of Uncontroverted Material Facts "**SUMF**" 1.]

Plaintiff first heard AWAN around May 5, 2013, and formed the opinion that the beat was stolen by third party producer Rico Love from Plaintiffs Composition entitled "Hood Pushin' Weight" ("HPW") and that HPW is the original instrumental to AWAN. [SUMF 2].

On May 6, 2013, Plaintiff registered the copyright to HPW as a part of a collection of sound records and has the registration number SRu001122402. [SUMF 3].

Plaintiff claims that the melody of AWAN, exclusive of the lyrics and vocals, is nearly identical to HPW. [SUMF 4]. Plaintiff's expert analysis submitted as part of its First Amended Complaint, provides that an analysis of the two works AWAN and HPW, and opines that the melody of AWAN, contains an arrangement of six of the seven motives of HPW in the introduction and subsequent sections including verses, choruses and breakdowns. [SUMF 5]. Plaintiff defines a "motif" or "motive" as a short musical ideas that are brief and used to develop longer musical expressions like melodies. [SUMF 6]. Defendant contributed to the creation and performances of remixes to AWAN and Defendant performed AWAN. [SUMF 7 & 8]. On July 27, 2019, Defendant performed AWAN in this District at the Hollywood Casino Amphitheatre in Tinley Park, Illinois. [SUMF 9]. On May 5, 2019, the original Complaint was filed by Plaintiff, alleging

one count of copyright infringement. [SUMF 10]. On January 11, 2021, Plaintiff filed its First Amended Complaint, the operative complaint, which alleges one count of copyright infringement of a sound recording and one count of willful copyright infringement of a sound recording. [SUMF 11].

On September 8, 2021, Defendant moved for Summary Judgment or Partial Summary Judgement seeking a determination by the Court that Plaintiff Eddie Lee Richardson is limited to, at most, one instance of statutory damages and if any infringement is found, that infringement to be innocent. [SUMF 12].

On September 10, 2021, Plaintiff moved for summary judgement to (1) find Defendant liable for copyright infringement; (2) a permanent injunction against Defendant from performing AWAN; (3) an award of statutory damages, and (4) to award Plaintiff reasonable attorney fees and costs. [SUMF 13].

On March 30, 2023, this Court issud its Minute entry, stating that "for reasons set out in the Court's Memorandum Opinion and Order, the Defendant's motion for pretrial summary judgment is granted in part and denied in part. The motion is granted to the extent that Plaintiff is limited to recovering only for acts of infringement occurring after April 5, 2016, is limited to statutory, and not actual damages, and further is limited to one award of statutory damages. The motion is denied as to the issues of willfulness or innocence of any alleged infringement. The Court further denies Plaintiff's motion for summary judgment in full." [SUMF 14].

In its March 30, 2023, Memorandum of Opinion and Order, the Court stated that "the Court acknowledges that if Plaintiff's registration is one for a 'sound recording,' that would likely mean that he could only pursue an infringement action for performance by 'digital audio transmission.' But even if Defendant is correct on that point, the record is unclear at this stage whether Defendant's alleged acts of infringement i.e., his performances of AWAN, were by means of 'digital audio transmission,' or were strictly 'public performances.'" [SUMF 15].

Further in its Minute Entry on July 12, 2023, the Court stated that "before the case can proceed to trial, the Court requires clarity on a potentially dispositive issue that was raised for the

first time in Defendant's reply brief in support of summary judgment. That issue is whether, in light of Plaintiff registering only a 'sound recording' copyright' Defendant can be liable for his public performances of the alleged infringing work, given that the holder of a 'sound recording' copyright generally only has the exclusive right to public performance by means of a 'digital audio transmission.' 17 U.S.C. §§ 106(6), 114(a). It is unclear at this point on the record whether any of Defendant's alleged infringing conduct in performing the work at issue, either publicly or via other means, was done by means of 'digital audio transmission' such that his conduct could be covered by statute, irrespective of the question of whether the work was infringing." [SUMF 16].

### III.     LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, this Court is allowed to grant summary judgment on issues which present no genuine issue of material fact. This statutory authority on the part of the courts has been confirmed by long standing Seventh Circuit precedent interpreting Rule 56(c), according to which,

> It seems quite apparent that the draftsmen were attempting by providing for partial summary judgment, merely to speed up the trial by eliminating what were not deemed proper issues. The rule is very similar to Rule 16 concerning pretrial proc3edure for formulation of issues by the court in conference with the parties. In fact, the drafters expressly indicated that the same purpose lay behind both.

In the Seventh Circuit, summary judgment or partial summary judgment is proper if Defendant can show "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021–22 (7th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 Sup. Ct. 2548, 91 L.Ed.2d 265 (1986).).

To be material, a fact must have the possibility of affecting the outcome of a case. *See,*

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). Importantly to the case at bar, a genuine issue of fact only exists when a reasonable fact finder could return a verdict on the specific claim for the non-movant. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 884 (1990). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgement. *Anderson,* 477 U.S. at 252.

Generally, the party moving for summary judgment bears the initial burden of establishing that it is entitled to summary judgment, identifying the elements of the claim or defense, and identifying evidence that it believes demonstrates the absence of a material fact. *Hutchison,* 910 F.3d at 1021–22 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).). Where the moving party has the burden at trial, "that party must support its motion with credible evidence… that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 417. U.S. at 331. In that regard, "when the moving party has carried its burden…, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the non-movant must set forth specific facts demonstrating a genuine issue for trial. *Id*. at 587, 106 S.Ct. 1348; *Hutchison*, 910 F.3d at 1021–22.

Once the moving party demonstrates facts sufficient to grant summary judgment, the burden is on the non-movant to show summary judgment is inappropriate by presenting admissible evidence which would create a material fact issue concerning the existence of each essential part of that party's case. *Lusk v. Fox Meyer Health Corp*., 129 F.3d 773, 777 (5th Cir. 1997); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The non-movant may not rest upon mere allegations in the pleadings nor unsubstantiated or conclusory assertions. *Id*.

Although the court must view the evidence introduced and all factual inferences therefrom in the light most favorable to the non-movant, this exists only when the non-movant presents an

4

actual controversy of fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### IV.    ISSUES RIPE FOR DETERMIANTION ON SUMMARY ADJUDICATION

In the case at bar, there are several issues some raised by the Court that are ripe for determination on summary adjudication. The Court has requested that the Parties brief, and elucidate whether, "any of Defendant's alleged infringing conduct in performing the work at issue, either publicly or via other means, was done by means of a 'digital audio transmission", [SUMF 16] however, Defendant will first address what rights are conferred by statute to Plaintiff in holding a Copyright in a Sound Recording, Second, this motion will analyze whether Defendant's alleged acts constitute infringement of Plaintiff's rights in a sound recording, and third, Defendant will address whether Defendant's alleged performances are via a "digital sound recording."

Defendant will demonstrate that the evidence in this case does not support Plaintiff's assertion of copyright infringement in a sound recording, that Defendants live performances and publication of AWAN on YouTube do not constitute copyright infringement of a sound recording.

### V.    ARGUMENT

**A. The Evidence Provided by Plaintiff Does not Support Its Claims for Copyright Infringement in a Sound Recording.**

Section 114(a) of the Copyright Act limits the exclusive rights of a copyright holder in a sound recording under 17 U.S.C. §106 to only the following:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivate works based upon the copyrighted work;

(3) to distribute copies or phonorecord of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending; and

(6) in the case of a sound recording to perform the copyrighted work publicly by means of a digital audio transmission.

According to the statute, "Copyright infringement occurs when anyone violates the exclusive rights of a copyright owner. 17 U.S.C. §501(a). To prove copyright infringement, a

plaintiff must show (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Janky v. Lake County Convention & Visitors Bureau*, 576 F.3d 356, 361 (7th Cir.2009); *Kinsey v. Jambow, Ltd*. (N.D. Ill. 2014) 76 F.Supp.3d 708, 711.

Section 114(a) states that "(1) and (2) of section 106 do not extend to the making or duplication of another sound recording that consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate those in the copyrighted sound recording" which identifies the distinct type of recordings." Moreover, "When it comes to musical recordings, there are two types of copyrights at play: (1) copyrights in the actual recordings of the performance of the songs, and (2) copyrights in the composition for each song, meaning the musical notes and lyrics that make up the song." *See id*.; *Johnson v. Cypress Hill*, 641 F.3d 867, 870 n.5 (7th Cir. 2011); *Woodard v. Victory Records*, Inc. (N.D. Ill., Mar. 31, 2016, No. 11 C 7594) 2016 WL 1270423, at *2. "Form SR" is used to register works that the Copyright Office designates as "Sound Recordings," which are works that result from fixation of a series of musical, spoken or other sounds, but no audiovisual work. Sound Recordings are "neither the same as, nor a substitute for, registration for the musical dramatic, or literary work recorded." See United States Copyright Office, Sound Recordings, at http://www.copyright. gov/register/sound.html (last visited on April 22, 2008); *Johnson v. Cypress Hill* (N.D. Ill. 2008) 619 F.Supp.2d 537, 540.

Thus, the 17 U.S.C. § 106 reference to "the copyrighted work" in a sound recording ***applies to the recorded performance only***. *See* Circular 56, of the United States Copyright Office.[1] All the evidence brought forward by Plaintiff, is directed to establishing that "the melody of AWAN contains an arrangement of six of the seven motives of HPW" [SUMF 5] and Exhibit 3, of Amended Complaint shows the musical note composition of motifs of HPW. [SUMF 17]. A "motif" or "motives" are defined as short musical ideas that are brief and used to develop longer musical expressions like melodies. [SUMF 6]. This is evidence supporting copyright infringement of a Class PA, which Plaintiff does not hold.

---

[1] https://www.copyright.gov/circs/circ56.pdf (last accessed 08/24/2023)

Case law authority clearly supports this conclusion. For example, in *Valley Entertainment, Inc. v. Friesen*, Plaintiffs had a Class PA registration, and had asserted copyrights claims against Defendants for using the recording of the song. The court stated:

> Valley has not pointed to sufficient evidence to show that Defendants copied the sheet of the Copyrighted Songs. Velley's case is premised upon the copyright of the sound recording of the Copyrighted Songs. Valley has thus failed to point to sufficient evidence to show an infringement of Copyright No. PAu937-523, the copyright relied upon by Valley prior to responding to Defendants' motion for summary judgement.

*Valley Entertainment, Inc. v. Friesen* (N.D. Ill. 2010) 691 F.Supp.2d 821, 824. The decision continued, "based on the foregoing analysis, we grant Defendants' motion for summary judgment on the federal copyright infringement claims (Count I)." *Id.* at 827.

The court in *Valley Entertainment* explained that "as Defendants correctly point out, a 'PA' class copyright covers words and arrangements of sheet music, but the registration of such a copyright does not cover sound recordings of the words or music on the sheet music. See, e.g., *Johnson v. Hill*, 619 F.Supp.2d 537, 540, n. 2 (N.D.Ill.2008); *Johnson v. Arista Holding, Inc*., 2006 WL 3511894, at *2, n. 4 (S.D.N.Y.2006) (explaining that a PA copyright applies to the underlying composition, not the "master recording or physical embodiment of a musical performance"). See also *Sonja–Kaplan Productions, Inc. v. Zippi*, 1988 WL 92871, at *7 (E.D.Pa.1988) (stating that the administrative regulations promulgated by the Copyright Office place musical works into Class Pa: "Works of the Performing Arts, while sound recordings are assigned a separate class" and "a Class PA copyright cannot, under the regulations, be construed to include the sound recording of the work"). *Valley Entertainment, Inc. v. Friesen* (N.D. Ill. 2010) 691 F.Supp.2d 821, 824.

Similarly, here Plaintiff has only brought forward evidence asserting that the music, "motifs," and the underlying melody has been copied and not the recording itself, [SUMF 5] which is not covered by Plaintiff's registration in a sound recording. [SUMF 16]. Further, during Plaintiff's deposition he stated that he heard the song AWAN on or about May 5, 2013, and formed

7

the opinion that the beat was stolen by third party producer, Rico Love, from Plaintiff's composition HPW and that HPW is the original instrumental to AWAN. [SUMF 2]. None of the evidence asserted supports that any portion of the copyrighted work, which is the sound recording itself has been misappropriated, thus in the case at bar there can't be infringement of any of the exclusive rights afforded to a copyright holder in a sound recording, and summary judgement is appropriate.

The evidence provided by Plaintiff may, at best, support an interpolation of a song, which does not implicate a Copyright registration in a sound recording.

> "An interpolation involves taking part of an existing musical work (as opposed to a sound recording) and incorporating it into a new work. While sometimes confused with sampling a sound recording, interpolating a musical work is different because it does not involve using any of the actual audio sounds contained in a preexisting recording. Instead, new audio is recorded. Unlike samples, interpolations only implicate the pre-existing musical work, which means that only a license from that musical works copyright owner may be necessary. Permission from the copyright owner of a preexisting sound recording is not necessary when interpolating a musical work, regardless of how similar the new recording may be to an old recording. This is because, under U.S. copyright law, the exclusive rights in sound recordings to not extend to making independently recorded 'sound alike' recordings."

Sampling Interpolations, Beat Stores and More: An Introduction for Musicians Using Preexisting music, United States Copyright Office.[2]

Thus, the rights conferred to a Copyright holder in a sound recording, only apply to the recording itself and Plaintiff has not brought forward any evidence that any portion of the sound recording has been misappropriated by Defendant. Thus, there is no evidence of copyright infringement, and Plaintiff's complaint should be dismissed on that basis alone.

Furthermore, according to following 17 U.S.C. §106 (6), "…. the owner of copyright under this title has the exclusive rights to do and to authorize any of the following….in the case of a

---

[2] https://www.copyright.gov/music-modernization/educational-materials/Sampling-Interpolations-Beat-Stores-and-More-An-Introduction-for-Musicians-Using-Preexisting.pdf (last accessed 08/25/2023).

8

sound recording, to perform the copyright work publicly by means of digital audio transmission." In adopting 17 U.S.C. §106(6) in the Digital Performance Right in Sound Recordings Act of 1995 ("DPRSR of 1995")– "provides the copyright owner of a sound recording an exclusive right (with specified limitation) to perform <u>the recording</u> publicly by means of a digital audio transmission." H.R. 1506 – 104th Congress (1995-1996).[3] Under DPRSR of 1995, Congress gave the right to the copyright holder of a sound recording to perform the recording ***not the underlying music or melody*** publicly and further limited the right to digital audio transmissions. As noted above, in the case at bar, there is no evidence to support that the recording itself has been performed by Defendant, thus, there can be no copyright infringement of a sound recording under 17 U.S.C. §106(6) and summary judgment should be granted on this basis.

For the reasons above, no issues of material facts in this case to show that Plaintiff's copyright in a sound recording has been infringed. Thus, summary judgment on the issue that Defendant did not infringe on Plaintiff's rights in a sound recording should be granted.

### B. Defendant's Live Performances Are Not Performances via "Digital Audio Transmission."

Since there is no evidence showing infringement of a copyright in a sound recording by Defendant, a determination whether a performance of AWAN live [SUMF 18] or otherwise implicates a "digital audio transmission" is superfluous. However, per this Court's July 12, 2023, Minute Entry, Defendant next will address whether Defendant's alleged infringing conduct in performing the work at issue, either publicly or via other means, was done by means of a 'digital audio transmission.' [SUMF 16]. The conduct referred to by this Court is Defendant's live performances of AWAN [SUMF 17] and whether it constitutes public performance by means of digital audio transmission.

The exclusive right under 17 U.S.C. §106(6) was created by Congress in 1995, where Congress in its Legislative History stated that the right,

---

[3] https://www.congress.gov/bill/104th-congress/house-bill/1506 (last accessed 08/25/02023)

> applies only to digital audio transmissions. Purely analog transmissions are not covered, and neither are digital transmissions of audiovisual works. S. REP. 104-128, 16, 1995 U.S.C.C.A.N. 356, 363, and contains a number of exemptions from the exclusive right that are directed toward specific uses of sound recordings. Probably most important, nonsubscription transmissions (i.e., transmissions not controlled or limited to particular recipients or for which no consideration is required to be paid), such as nonsubscription broadcast transmissions by radio and television stations, are exempted unless they are part of an interactive service.

S. REP. 104-128, 16, 1995 U.S.C.C.A.N. 356, 363.

Moreover, 17 U.S.C. §114(d) explains the confines of 17 U.S.C. § 106(6) that,

> "notwithstanding the provisions of section 106(6)-- (1) Exempt transmissions and retransmissions.--The performance of a sound recording publicly by means of a digital audio transmission, other than as a part of an <u>interactive service</u>, is not an infringement of section 106(6) if the performance is part of-- (A) a nonsubscription broadcast transmission; (B) a retransmission of a nonsubscription broadcast transmission: Provided, That, in the case of a retransmission of a radio station's broadcast transmission—" (emphases added).

17 U.S.C. §114(d).

Furthermore, 17 U.S.C.A. § 114 (j)(7) defines an interactive service as:

> An "interactive service" is one that enables a member of the public to receive a transmission of a program specially created for the recipient, or on request, a transmission of a particular sound recording, whether or not as part of a program, which is selected by or on behalf of the recipient. The ability of individuals to request that particular sound recordings be performed for reception by the public at large, or in the case of a subscription service, by all subscribers of the service, does not make a service interactive, if the programming on each channel of the service does not substantially consist of sound recordings that are performed within 1 hour of the request or at a time designated by either the transmitting entity or the individual making such request. If an entity offers both interactive and noninteractive services (either concurrently or at different times), the noninteractive component

10

shall not be treated as part of an interactive service.

The evidence provided in this case does not support or show that any of the live performances of AWAN were done via "digital audio transmission." A live performance on its own would not be considered a public performance by digital audio transmission and the evidence in this case does not establish that the live performances were broadcasted via an interactive service to implicate "digital audio transmission." In that regard, courts have explained that "If a live performance is broadcast, e.g., by radio or television, and simultaneously recorded by the performer, any unauthorized recording by a person receiving the broadcast constitutes copyright infringement of the sound recording or motion picture, notwithstanding that the infringer actually copied the live performance directly, and not the fixation thereof." *U.S. v. Moghadam* (11th Cir. 1999) 175 F.3d 1269, 1280.

Here, the evidence does not show that Defendant's live performance of AWAN were either broadcasted, recorded and/or made available via an interactive service, thus the live performances cannot be considered performances via "digital audio transmission." Further, as explained above, because there is no evidence that Defendant used any portion of the sound recording, a determination whether any performance of AWAN by Defendant implicates performance via "digital audio transmission" is superfluous.

Further, Defendant's each live performance of AWAN that is fixed in a tangible medium of expression as required by 17 U.S.C. §102 is a separate and recognizable ownership in a sound recording or a motion picture owned by Defendant.

For the reasons above, Defendants live performances of AWAN do not infringe on Plaintiff's copyright in a sound recording as there is no evidence that any portion of the sound recording itself was used, and the evidence does not suggest that Defendants live performances were either broadcasted, recorded and/or made available via an interactive service to implicate "digital audio transmission."

## VI. <u>CONCLUSION</u>

For the Foregoing reasons, Defendant respectfully requests this Court to enter summary judgement in its favor and against Plaintiff on the issues briefed, that Defendant is not liable for copyright infringement of a sound recording and that Defendants live performances of AWAN and the post of AWAN on YouTube do not constitute copyright infringement in a sound recording.

                                                By: <u>/s/ Dariush G. Adli</u>
                                                    Dariush G. Adli
                                                    Ani Martirosian
                                                ADLI LAW GROUP P.C.
                                                12400 Wilshire Blvd., Suite 1460
                                                Los Angeles, California 90025
                                                P: (213) 623-6546
                                                F: (213) 623-6554
                                                adli@adlilaw.com
                                                *Attorneys for Defendant*
                                                Karim Kharbouch

Michele S. Katz
Advitam IP, LLC
150 S. Wacker Drive
Suite 2400
Chicago, IL 60606
P: (312) 332-7710
F: (312) 332-7701
mkatz@advitamip.com