UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| EDDIE LEE RICHARDSON AKA HOTWIRE THE PRODUCER, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case Number: 1:19-CV-2321 |
| v. | ) ) | Judge: Hon. Nancy L. Maldonado |
| KARIM KHARBOUCH AKA FRENCH MONTANA, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S RULE 56.1 (A)(2) STATEMENT OF UNCONTROVERTED**

**MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant KARIM KARBOUCH submits this Statement of Uncontroverted Material Facts pursuant to Local Rule 56-1 in support of his Motion for Summary Judgment.

| | | |
|---|---|---|
| 1 | *Fact:* On April 15, 2013, the song "Ain't Worried 'Bout Nothin'" ("**AWAN**") was released. | |
| | *Citation:* Dkt. Nos. 51 & 54 at ¶ 14 (Amended Complaint and Answer). | |
| 2 | *Fact*: Plaintiff first heard AWAN on or about May 5, 2013 and formed the opinion that the beat was stolen by third party producer Rico Love from Plaintiff's Composition entitled "Hood Pushin' Weight" ("**HPW**") and that HPW is the original instrumental to AWAN. | |
| | *Citation*: Deposition of Plaintiff Eddie Lee Richardson ("**Richardson Depo**.") 61:9-62:16; Plaintiff's response to Request for Admission No. 4. | |

1

| | |
|---|---|
| 3 | *Fact*: On May 6, 2013, Plaintiff registered the copyright to HPW as part of a collection of sound recordings and has the registration number SRu001122402. |
| | *Citation*: Exhibit 4 to Richardson Depo.; Richardson Depo at 87:9-12; Exhibit 1 to Dkt. 51 Amended Complaint ("**Reg. Cert. in Sound Recording**"), Dkt. 51-1; Dkt. 51 (First Amended Complaint) at ¶ 12. |
| 4 | *Fact*: Plaintiff claims that the melody of AWAN, exclusive of the lyrics and vocals, is nearly identical to HPW. |
| | *Citation*: Dkt. 51 (First Amended Complaint) at ¶ 15. |
| 5 | *Fact*: Plaintiff's expert analysis of the two works AWAN and HPW, opines that the melody of AWAN, contains an arrangement of six of the seven motives of HPW in the introduction and subsequent sections, including all verses, choruses and breakdowns. |
| | *Citation*: Dkt. 51 (First Amended Complaint) at ¶ 16; Exhibit 2 to Dkt. 51 at pg. 4. |
| 6 | *Fact*: Plaintiff defines a "motif" or "motives" as short musical ideas that are brief and used to develop longer musical expressions like melodies. |
| | *Citation*: Dkt. 51 (First Amended Complaint) at ¶ 16 Footnote 1; Exhibit 2 to Dkt. 51 at pg. 4. |
| 7 | *Fact*: Defendant contributed to the creation and performances of remixes to AWAN. |
| | *Citation*: Dkt. 54 at ¶ 19 (Amended Answer to First Amended Complaint). |
| 8 | *Fact*: Defendant performed AWAN. |
| | *Citation*: Dkt. 54 at ¶ 21 (Amended Answer to First Amended Complaint). |

| | |
|---|---|
| 9 | *Fact*: On July 27, 2019, Defendant performed AWAN in this District at the Hollywood Casino Amphitheatre in Tinley Park, Illinois. |
| | *Citation*: Dkts. 51 & 54 at ¶ 23 (Amended Answer to First Amended Complaint). |
| 10 | *Fact*: On May 5, 2019, the original Complaint was filed by Plaintiff; the Complaint alleges one count of copyright infringement. |
| | *Citation*: Dkt. No 1 at ¶ 25-32. |
| 11 | *Fact*: On January 11, 2021, the First Amended Complaint was filed by Plaintiff; the operative complaint alleges one count of copyright infringement of a sound recording and one count of willful copyright infringement of a sound recording. |
| | *Citation*: Dkt. 51 at ¶ 26-48. |
| 12 | *Fact*: On September 8, 2021, Defendant moved for Summary Judgement or Partial Summary Judgment that Plaintiff Eddie Lee Richardson is limited to, at most, one instance of statutory damages and if any infringement is found, that infringement to be innocent. |
| | *Citation*: Dkt. 66 (Defendant's MSJ) at § I, § VA-VD. |
| 13 | *Fact*: On September 10, 2021, Plaintiff moved for summary judgment to (1) find Defendant liable for copyright infringement; (2) a permanent injunction against Defendant from performing AWAN; (3) an award of $750 in statutory damages, and (4) to award Plaintiff reasonable attorney fees and costs. |
| | *Citation*: Dkt. 69 (Plaintiff's MSJ) at Pg. 6. |

| | |
|---|---|
| 14 | *Fact*:<br>On March 30, 2023, this Court issued its Minute entry, stating that "for reasons set out in the Court's Memorandum Opinion and Order, the Defendant's motion for partial summary judgement is granted in part and denied in part. The motion is granted to the extent that Plaintiff is limited to recovering only for acts of infringement occurring after April 5, 2016, is limited to statutory, and not actual damages, and further is limited to one award of statutory damages. The motion is denied as to the issues of willfulness or innocence of any alleged infringement. The Court further denies Plaintiff's motion for summary judgment in full." |
| | *Citation*:<br>Dkt. 85 Court's Minute Entry. |
| 15 | *Fact*:<br>In its March 30, 2023, Memorandum of Opinion and Order, this Court stated that "the Court acknowledges that if Plaintiff's registration is one for a 'sound recording,' that would likely mean that he could only pursue an infringement action for performance by 'digital audio transmission.' But even if Defendant is correct on that point, the record is unclear at this stage whether Defendant's alleged acts of infringement, i.e. his performances of AWAN, were by means of 'digital audio transmission,' or were strictly 'public performances.'" |
| | *Citation:*<br>Dkt. 86 at Pg. 16. |
| 16 | *Fact*:<br>In its Minute Entry on July 12, 2023, this Court states that "before the case can proceed to trial, the Court requires clarity on a potentially dispositive issue that was raised for the first time in Defendant's reply brief in support of summary judgment. That issue is whether, in light of Plaintiff registering only a 'sound recording' copyright' Defendant can be liable for his public performances of the alleged infringing work, given that the holder of a 'sound recording' copyright generally only has the exclusive right to public performance by means of a 'digital audio transmission.' 17 U.S.C. §§ 106(6), 114(a). It is unclear at this point on the record whether any of Defendant's alleged infringing conduct in performing the work at issue, either publicly or via other means, was done by means of a 'digital audio transmission' such that his conduct could be covered by statute, irrespective of the question of whether the work was infringing." |
| | *Citation*:<br>Dkt. 90. |

4

| | |
|---|---|
| 17 | *Fact*:<br>Exhibit 3, of Plaintiff's First Amended Complaint, is a breakdown of the musical notes for HPW. |
| | *Citation*:<br>Dkt. 51-3. |
| 18 | *Fact*:<br>Defendant "publicly performed" live AWAN 378 times from April 5, 2016 to present. |
| | *Citation*:<br>Dkt. 69-16 at 6-7. |

By: /s/ Dariush G. Adli
  Dariush G. Adli
  ADLI LAW GROUP P.C.
  12400 Wilshire Blvd., Suite 1460
  Los Angeles, California 90025
  P: (213) 623-6546
  F: (213) 623-6554
  adli@adlilaw.com
  *Attorneys for Defendant*
  Karim Kharbouch

Michele S. Katz
Advitam IP, LLC
150 S. Wacker Drive
Suite 2400
Chicago, IL 60606
P: (312) 332-7710
F: (312) 332-7701
mkatz@advitamip.com