UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE LEE RICHARDSON AKA HOTWIRE THE PRODUCER | ) ) ) ) | |
| Plaintiff, | ) ) | Case Number: 1:19-CV-2321 |
| v. | ) ) | Judge: Hon. Nancy L. Maldonado |
| KARIM KHARBOUCH AKA FRENCH MONTANA, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

i

```
```
## TABLE OF CONTENTS

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. BRIEF FACTUAL BACKGROUND ................................................................................... 2

III. LEGAL STANDARD ............................................................................................................ 7

IV. ARGUMENT ......................................................................................................................... 7

   A. Defendants, As The Prevailing Parties In This Lawsuit, Are Entitled to An Award Of Attorney's Fees. ............................................................................................................ 7

      a. *Frivolousness and Objective Unreasonableness* ............................................... 8

      b. *Plaintiff's Motivation,* ....................................................................................... 10

      c. *The need for compensation and deterrence* .................................................... 10

V. CONCLUSION .................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assessment Technologies of WI, LLC v. WIREdata, Inc.*
   (7th Cir. 2004) 361 F.3d 434 ................................................................................................... 8

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 [114 S.Ct. 1023, 127 L.Ed.2d 455] (1994) ......................................................... 7

*Hensley v. Eckerhart*,
   461 U.S. 424, 103 S.Ct. 1933 (1983) ....................................................................................... 7

*Johnson v. Cypress Hill*
   (7th Cir. 2011) 641 F.3d 867 ............................................................................................. 9, 10

*Live Face on Web, LLC v. Cremation Society of Illinois, Inc.*
   (7th Cir. 2023) 77 F.4th 630 ................................................................................................... 11

*Timothy B. O'Brien LLC v. Knott*
   (7th Cir. 2020) 962 F.3d 348 ................................................................................................... 8

**Statutes**

17 U.S.C. §§ 106(6), 114(a) ........................................................................................................... 4

**Other Authorities**

Federal Rules of Civil Procedure Rule 54(d)(2)(A) ..................................................................... 7

Federal Rules of Civil Procedure Rule 54(d)(2) .......................................................................... 1

Local Rule 53.1 through Local Rule 53.1(d)(3) ........................................................................... 1

Local Rule 54.3 ............................................................................................................................. 1

Defendant KARIM KHARBOUCH AKA FRENCH MONTANA ("Defendant"), by and through his attorneys, Dariush Adli of ADLI Law Group, P.C. and Michele S. Katz of Advitam IP, LLC, submit the following Motion for Attorney's Fees and Costs and Memorandum of Points and Authorities in support pursuant to 17 U.S.C. § 505, Rule 54(d)(2) of the Federal Rules of Civil Procedure, and Local Rule 54.3 for an award of attorneys' fees and non-taxable costs against Plaintiff EDDIE LEE RICHARDSON AKA HOTWIRE THE PRODUCER.

This motion is made on the grounds that Defendant, as the prevailing party in the instant litigation, is entitled to recovery of his attorneys' fees and certain nontaxable costs incurred in defending Plaintiff's meritless claims, and that the amount of fees and costs they request were derived from reasonable hours billed at a reasonable rate.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities filed concurrently herewith, the Declarations of Dariush G. Adli in support of this Motion, as well as the papers, pleadings, and other documents on file in this action, and such other and further oral or documentary evidence as may be presented at or before the hearing.

This motion is made following attempts to meet and confer with opposing counsel pursuant to L.R.53.1 through LR53.1(d)(3) where Plaintiff's counsel on February 14, 2024 responded stating "that you can write it up as an greed motion so long as you put in there that 'Plaintiff reserve his right to appeal any subsequent order." [Adli Dec. ¶ 17].

I.  **INTRODUCTION**

Defendant moves for attorney fees and costs as the prevailing party on the merits. The record shows that Defendant is entitled to attorney fees in this matter because (1) Plaintiff's allegations from the start were frivolous and its maintenance of the suit was frivolous and

1

unreasonable, as Plaintiff at all times knew that his rights were in a Sound Recording; (2) Given the improper legal and factual support for Plaintiff's allegation, Defendant can only conclude that Plaintiff filed and maintained this case for an improper purpose; and (3) an award of attorney fees to Defendant will act as a deterrent to other Plaintiffs not to bring and pursue claims for copyright infringement without the proper diligence.

## II.     BRIEF FACTUAL BACKGROUND

Plaintiff filed its complaint on April 5, 2019 against Defendant Karim Kharbouch aka French Montana and Excuse My French, claiming 1 count of copyright infringement, stating that "Section 106 of the US Copyright Act of 1976, as amended states that the owner of copyright in the case of sound recordings, has the 'exclusive right' to 'reproduce'; 'perform'; 'distribute copies'; and 'prepare derivative works' of the sound recording." [Dkt. 1, ¶26].

On July 17, 2019, Defendant filed a motion to dismiss to dismiss the case for lack of jurisdiction 12(b)(2), improper venue 12(b)(3), failure to state a claim 12(b)(6) and for a more definite statement under 12(e). [Dkt. 22].

On August 12, 2019, Plaintiff opposed the motion [Dkt. 12] and on March 25, 2020 the Honorable Edmond E. Chang denied Defendants' motion in its entirety. [Dkt. 30].

On September 21, 2020, Plaintiff served its first set of discovery requests including Plaintiffs first set of interrogatories and Plaintiff's first set of requests for production. [Adli Dec. ¶ 2]. In Plaintiffs first set of interrogatories, Plaintiff in its interrogatory number 3 states, "describe each of your performances of AWAN since April 5, 2016 by digital audio transmissions to paid subscribers." [Adli Dec. ¶ 3].

On January 11, 2021, Plaintiff filed its first amended complaint terminating Excuse my French from the suit. [Dkt. 51]. In its amended complaint Plaintiff identifies the expert report of

Jonathan Pierre [Dkt. 51-2] in support of its assertion for copying states in pertinent part that "according to an expert analysis of the two works, the melody of AWAN 'contains an arrangement of six of the seven motives (short musical ideas that are brief and used to develop longer musical expression like melodies) of HPW in the introduction and subsequent sections, including all verses, choruses and breakdown." [Dkt. 51 ¶16].

On May 19, 2021, Plaintiff served its second set of discovery requests including a request for interrogatories, production of documents and requests for admission where only questions relating to damages were requested. [Adli Dec. ¶ 4].

On September 8, 2021, Defendant filed for summary judgment on: First, Plaintiff's claim against the Defendant is time barred by the statute of limitations and Plaintiff cannot recover any damages related to the original release of AWAN, due to the date of his initial claim. Second, Plaintiff has provided no evidence of actual damages, as it has failed to produce evidence of income to the Defendant from AWAN, and accordingly, Plaintiff's claim regarding damages, if at all, must be limited to statutory damages. Third, Plaintiff's claim is, at best, limited to a single copyright registered work, since there is only one work at issue, which has been copyrighted with the U.S. Copyright Office. Fourth, any prospective infringement by Defendant was innocent or was in any event not willful, and Defendant is therefore entitled to summary judgment on the second cause of action for willful infringement. Fifth, the evidence of record, including the conduct of the parties and the communications (or lack thereof) between them, support a holding of "innocent infringement" as the Defendant was not reasonably on notice that the alleged work was copyrighted. [Dkt. 66].

On September 10, 2021 Plaintiff filed its motion for summary judgment on Copyright his copyright infringement cause of action. [Dkt. 68].

On October 4, 2021 Defendant filed its response in opposition to Plaintiff motion for summary judgment. [Dkt. 78].

On October 8, 2021 Plaintiff filed its response in opposition to Defendant's motion for summary judgment. [Dkt. 79].

On October 18, 2021, Plaintiff filed its reply brief in support of its motion for summary judgment. [Dkt. 80].

On October 22, 2021, Defendant filed its reply brief in support of its motion for summary judgment. [Dkt. 81]

On March 30, 2023 this Court issued its Memorandum Opinion and Order, stating that "The motion is granted to the extent that Plaintiff is limited to recovering only for any acts of infringement occurring after April 5, 2016, is limited to statutory, and not actual damages, and further is limited to one award of statutory damages. The motion is denied as to the issues of the willfulness or innocence of any alleged infringement. The Court further denies Plaintiff's motion for summary judgment in full." [Dkt. 86].

On July 12, 2023 this Court issued a Minute Entry, stating that "before the case can proceed to trial, the Court requires clarity on a potentially dispositive issue that was raised for the first time in Defendant's reply brief in support of summary judgment. That issue is whether, in light of Plaintiff registering only a 'sound recording' copyright' Defendant can be liable for his public performances of the alleged infringing work, given that the holder of a 'sound recording' copyright generally only has the exclusive right to public performance by means of a 'digital audio transmission.' 17 U.S.C. §§ 106(6), 114(a). It is unclear at this point on the record whether any of Defendant's alleged infringing conduct in performing the work at issue, either publicly or via other means, was done by means of 'digital audio transmission' such that his conduct could be covered

4

by statute, irrespective of the question of whether the work was infringing." [Dkt. 87].

On September 8, 2023, in accordance with the July 12, 2023 Minute Entry, Defendant filed its motion for summary judgment stating that first there was no evidence to show that there was copying of Plaintiff's sound recording, thus no infringement and that Defendant's live performances and publications of AWAN on YouTube do not constitute copyright infringement of a sound recording. [Dkt. 91-1].

On October 6, 2023, Plaintiff filed its response in opposition of Defendants motion for summary judgment. [Dkt. 92].

On October 20, 2023, Defendant filed its response in support of its motion for summary judgment. [Dkt. 93].

On January 4, 2024 this Court issued its Memorandum Opinion and Order granting Defendants motion for summary judgment, "even if Richardson could establish actual copying and maintain his claim for copyright infringement of his sound recording in HPW, he has failed to come forward with any evidence demonstrating that Kharbouch's live performances of AWAN were done by digital audio transmission. As to the other issues raised in the parties' briefing, the Court need not address them further given Richardson's failure to create a genuine issue for trial on actual copying." [Dkt. 96].

On January 25, 2024 Plaintiff filed its notice of appeal to the Seventh Circuit, appealing this Courts January 4, 2024 ruling. [Dkts. 98-100].

**Publications Naming Eddie Lee Richardson as a Result of This Lawsuit**

On April 5, 2019 Complex.com published an article, "French Montana Sued for $5 Million Over 'Ain't Worried About Nothin.'" [Adli Dec. ¶ 5]

On April 6, 2019 HypeBeast.com published an article titled "French Montana Has Been

5

Sued for 'Ain't Worried About Nothin' 'Hotwire is looking to receive $5 million USD in profits." [Adli Dec. ¶ 6].

On April 5, 2019, TMZ published a story titled "French Montana sued 'Here's Something To Worry About… You Stole My Track!!!" [Adli Dec. ¶ 7].

On April 6, 2019 Bossip.com, published an article, "HAANNNN! French Montana Reportedly Slapped With A $5 Million Lawsuit For Stealing Hit Song 'Ain't Worried About Nothin.'" [Adli Dec. ¶ 8].

On April 8, 2019, hiphopdx.com published a story titled "French Montana Sued for $5M After Allegendly Stealing 'Ain't Worried About Nothin' Beat." [Adli Dec. ¶ 9].

On April 23, 2019 Power 99 FM, in a post by Cappuchino stating "French Montana Sued by a Teen Producer Over Song." [Adli Dec. ¶ 10].

On April 2, 2023, Uproxx.com published an article titled "French Montana Secures Partial Victory In The Lawsuit Surrounding His 2013 Song 'Ain't Worried About Nothin.'" [Adli Dec. ¶ 11].

On January 5, 2024 Billboard issued an article titled "French Montana Beats Copyright Case, But Judge Sympathizes with Accuser; 'Imitation is Flattery." [Adli. Dec. ¶ 12].

On January 5, 2024 DigitalMusicNews.com published an article titled "French Montana Beats 'Ain't Worried About Nothin' Copyright Lawsuit Despite 'Apparent Similarities' With Allegedly Infringed Work." [Adli Dec. ¶ 13].

An article on HipHop DX was published on January 6, 2024 titled "French Montana's Victory in Copyright Lawsuit Downplayed by Judge Who Dismissed the Case." [Adli Dec. ¶14].

On January 10, 2024 an article on Hauteliving.com was published "Tuning into Copyright Law: Lessons from French Montana's Legal Journey." [Adli Dec. ¶ 15].

6

An article was published on March 5, 2024 titled "Getting in Tune With Copyright Law: Musical Compositions v. Sound Recording in Richardson v. Kharbouch." [Adli. Dec. ¶ 16].

## III. LEGAL STANDARD

"In any civil action under [the Copyright Act], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. §505 (1976). The Supreme Court has stated that prevailing defendants are to be treated the same as prevailing plaintiffs for purposes of determining who qualifies as a prevailing party. *Fogerty v. Fantasy, Inc*., 510 U.S. 517 [114 S.Ct. 1023, 1025, 127 L.Ed.2d 455] (1994). Pursuant to the Federal Rules of Civil Procedure, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion" where, as here such fees are not required "to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

The Copyright Act specifies that an award of attorneys' fees must be reasonable. See 17 U.S.C. § 505. A threshold determination of the reasonableness of an attorneys' fee award can be made by calculating "the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). This "lodestar" calculation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id.

## IV. ARGUMENT

### A. Defendants, As The Prevailing Parties In This Lawsuit, Are Entitled to An Award Of Attorney's Fees.

In deciding whether to award attorneys' fees to the prevailing party in a copyright infringement action, courts look at "(1) frivolousness, (2) motivation, (3) objective unreasonableness (both in the factual and in the legal components of the case) and (4) the need in particular circumstances to

7

advance considerations of compensation and deterrence." *Timothy B. O'Brien LLC v. Knott* (7th Cir. 2020) 962 F.3d 348, 350; (*citing* Fogerty v. Fantasy, Inc. (1994) 510 U.S. 517 [114 S.Ct. 1023, 127 L.Ed.2d 455]). "Beyond the Fogerty factors, [the Seventh Circuit] ha[s] also instructed courts in this Circuit that a defendant who prevails against a copyright claim is entitled to a <u>strong presumption</u> in favor of fees." *Assessment Technologies of WI, LLC v. WIREdata, Inc*. (7th Cir. 2004) 361 F.3d 434, 437 "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights. *Id*.

    a. *Frivolousness and Objective Unreasonableness*

Plaintiff's allegations from the start were frivolous and its maintenance of the suit was frivolous and unreasonable, as Plaintiff at all times knew that his rights were in a Sound Recording. In its complaint Plaintiff states that "Richardson is the registered owner of copyright to the sound recording HPW." [Dkt. 1 ¶ 27], and further states that "Section 106 of the US. Copyright Act of 1976, as amended states that the owner of copyright in the case of sound recording has the 'exclusive right' to 'reproduce', 'perform,' 'distribute copies' and 'prepare derivative works' of the **sound recording**." (emphasis added) [Dkt. 1 ¶ 26]. Thus, at all times during this litigation Plaintiff was aware that his copyright rights were limited to a sound recording which confers less rights than other copyright registrations.

This is further elucidated by Plaintiff's September 21, 2020, first set of discovery requests including Plaintiffs first set of interrogatories where Plaintiff in its interrogatory number 3 states, "describe each of your performances of AWAN since April 5, 2016 by **digital audio transmissions** to paid subscribers." [Adli Dec. ¶ 3] (emphasis added).

8

Plaintiff, proceeded to file an amended complaint on January 11, 2021 [Dkt. 51] where Plaintiff introduces support for the copyright infringement claim, an opinion report of Jonathan Pierre, that provides no support for copying the sound recording. The expert report of Jonathan Pierre [Dkt. 51-2] in support of its assertion for copying states in pertinent part that "according to an expert analysis of the two works, the melody of AWAN 'contains an arrangement of six of the seven motives (short musical ideas that are brief and used to develop longer musical expression like melodies) of HPW in the introduction and subsequent sections, including all verses, choruses and breakdown." [Dkt. 51 ¶16].

Plaintiff then fails to bear its burden and provide any admissible evidence to show that Plaintiff's rights in a sound recording were misappropriated, by showing that there is copying of the sound recording itself and that the performances of Defendant were done by digital audio transmission. It is unclear on the record, why Plaintiff did not provide sufficient evidence, however, it may be cause Plaintiff could not show that Defendant misappropriated his rights in HPW's sound recording and Plaintiff should have known that from the outset.

For example, in *Jonson v. Cypress Hill*, where Johnson sued Cypress Hill a popular group for using Johnson's song, "Is It Because I'm Black" in an interlude of Cypress Hill's album. Johnson had a registration in a sound recording for multiple songs, which turns out did not include the song "Is It Because I'm Black" in the registration. Cypress Hill filed a motion for summary judgment and prevailed and filed a motion for attorney's fees and costs pursuant to 17 U.S.C. §505, "arguing that Johnson knew or should have known from the outset of the litigation that he had no valid claim for infringement of copyright SRU-360-891 because no version of the Song was included in his registered compilation, and the 1969 recording could not be copyrighted." *Johnson v. Cypress Hill* (7th Cir. 2011) 641 F.3d 867, 871. The Seventh Circuit stated that

9

"Johnson maintained his claim under SRU–360–891 for four years despite clear notice that the claim was frivolous and objectively unreasonable, as the Song was not covered under the copyright and, moreover, was not eligible for copyright protection." *Id*.

Here, similarly, Plaintiff has maintained this suit for six years, at all times being aware that his rights were limited to a sound recording and did not bring any evidence to show that the sound recording itself was copied.

The record shows that from the outset Plaintiff was aware that his Copyright rights were in a Sound Recording and that such copyright rights confers limited rights under the Copyright Act and failed at each step to provide evidence that the actual recording itself was being copied and or that performances of AWAN were transmitted via digital audio transmission.

    b. *Plaintiff's Motivation,*

Given the improper legal and factual support for Plaintiff's allegation, Defendant can only conclude that Plaintiff filed and maintained this case for an improper purpose. Defendant is a well-known artist and entertainer, and the fact that he is and at all times was the only named Defendant is telling when Plaintiff knew at the time of filing the complaint and its amended complaint that other parties were involved in the creation AWAN. However, no other party was named in the complaint.

From the time of filing this complaint Plaintiff has received a substantial amount of press coverage, including billboard.com and TMZ.com which have a wide readership and that coverage was due to the fact that Defendant, Karim Karbouch aka French Montana was named in the lawsuit. The evidence shows that a substantial part of his motivation was to gain publicity.

    c. *The need for compensation and deterrence*

"As for deterrence, the fourth Fogerty factor cares not only about the deterrent effects of

10

awarding fees, but the effects of not awarding fees, too. The former focuses on discouraging plaintiffs from bringing suits unless they have real merit; the latter on discouraging defendants from abandoning meritorious defenses." *Live Face on Web, LLC v. Cremation Society of Illinois, Inc*. (7th Cir. 2023) 77 F.4th 630, 635.

The Seventh Circuit notes, that "declining to award fees simply because a defendant was proven correct by the Supreme Court discourages defendants from persisting in defenses that might one day persuade the Court and thus bring clarity to future litigants. That's the point of the Copyright Act's fee structure: to promote meritorious claims and defenses. In litigation, both sides accept that as the case evolves, the law might, too." *Id*.

Here, Defendant was victorious on its motion for summary judgment as Plaintiff did not satisfy its burden and bring sufficient evidence for its Copyright Infringement claim of a Sound Recording. Thus, an award of attorney fees to Defendant will act as a deterrent to other Plaintiffs not to bring and pursue claims for copyright infringement without the proper diligence. This will help prevent the initiation and maintenance meritless claims costing both parties substantial financial expenditures and burdening the limited resources of the legal system.

In this Court's Memorandum Opinion and Order [Dkt. 96] granting Defendant summary judgment this Court characterizes Defendant's win as a "technical win" Defendant respectfully disagrees with this Court. A summary of the order identifies that if Plaintiff had filed for a Copyright in a PA for a "musical composition" which covers the underlying melody of HPW and/or if Plaintiff had conducted discovery on how Rico Love created the music for AWAN, the Court would be better able to assess Defendant's motion for summary judgment. The record is unclear as to why a Copyright in a musical composition was not filed for and registered by Plaintiff anywhere from 2012 to 2019 prior to filing the suit which is fairly an inexpensive undertaking

11

considering the costs of litigation and can be attained in months. Thus, to assume that Plaintiff is entitled to file and attain a copyright registration for HPW as a musical composition is misplaced as he may not be the author or the sole author of the underlying musical composition of HPW. Further, Plaintiffs bear the burden of providing sufficient evidence to support their causes of action and the fact that they did not bring sufficient evidence should not render Defendant's win a technicality.

The court further states that "this court is sympathetic to the inherent costs in litigation, but Richardson chose to bring this action and has the burden of providing his claims based on admissible evidence." Indeed, litigation is an expensive endeavor for all parties, however the Copyright Act's fee shifting provision 17 U.S.C. § 505, combats exactly this issue, and alleviates that financial burden to victorious party.

Further Plaintiff is appealing this Courts January 4, 2024 ruling to the Seventh Circuit, continuing litigation and adding to the legal costs to both Parties.

An award of attorney fees to Defendant is warranted as it will deter Plaintiffs from bringing and maintaining meritless claims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

12

V. **CONCLUSION**

For the reasons above Defendant respectfully requests this court to grant Defendant its attorney fees and costs pursuant to 17 U.S.C. § 505.

By: /s/ Dariush G. Adli
Dariush G. Adli
Ani Martirosian
ADLI LAW GROUP P.C.
12400 Wilshire Blvd., Suite 1460
Los Angeles, California 90025
P: (213) 623-6546
F: (213) 623-6554
adli@adlilaw.com
*Attorneys for Defendant*
Karim Kharbouch

Michele S. Katz
Advitam IP, LLC
150 S. Wacker Drive
Suite 2400
Chicago, IL 60606
P: (312) 332-7710
F: (312) 332-7701
mkatz@advitamip.com